United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 16-18234-amc |
| Meghan R Utrata | Chapter 13 |
| Stephen B Utrata, II | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Jan 14, 2022 | Form ID: 3180W | Total Noticed: 19 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 16, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Meghan R Utrata, Stephen B Utrata, II, 3247 Knorr Street, Philadelphia, PA 19149-2614 |
| 13870431 | + | Drexel I,L.P., Upstart Loan Operations, 2 Circle Star Way, San Carlos CA 94070-6200 |
| 13836749 | + | Philadelphia Gas Works, 800 W Montgomery Ave, Philadelphia Pa 19122-2898, Attn: Bankruptcy Dept 3F |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Jan 14 2022 23:41:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Jan 15 2022 04:43:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jan 14 2022 23:41:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Jan 14 2022 23:41:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 13873317 | + | Email/Text: broman@amhfcu.org | Jan 14 2022 23:41:00 | American Heritage Federal Credit Union, c/o Brian Romaniello, 2060 Red Lion Rd., Phila PA 19115-1699 |
| 13916316 | | Email/Text: megan.harper@phila.gov | Jan 14 2022 23:41:00 | City of Philadelphia, Law Department Tax Unit, Bankruptcy Group, MSB, 1401 John F. Kennedy Blvd., 5th Floor, Philadelphia, PA 19102-1595 |
| 13839713 | + | EDI: AISACG.COM | Jan 15 2022 04:43:00 | Capital One Auto Finance,, P.O. Box 165028, Irving, TX 75016-5028 |
| 13913126 | | EDI: Q3G.COM | Jan 15 2022 04:43:00 | Department Store National Bank, c/o Quantum3 Group LLC, PO Box 657, Kirkland, WA 98083-0657 |
| 13833734 | | EDI: DISCOVER.COM | Jan 15 2022 04:43:00 | Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025 |
| 14025912 | | EDI: ECMC.COM | Jan 15 2022 04:43:00 | ECMC, po box 16408, St. Paul, MN 55116-0408 |
| 13920931 | | Email/PDF: resurgentbknotifications@resurgent.com | Jan 14 2022 23:43:51 | LVNV Funding, LLC its successors and assigns as, assignee of Arrow Financial Services,, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 13847798 | + | Email/Text: camanagement@mtb.com | Jan 14 2022 23:41:00 | Lakeview Loan Servicing, LLC, c/o M&T Bank, P.O. Box 1288, Buffalo, NY 14240-1288 |
| 13892131 | | EDI: PRA.COM | Jan 15 2022 04:43:00 | Portfolio Recovery Associates, LLC, POB 41067, |

District/off: 0313-2 | User: admin | Page 2 of 3
Date Rcvd: Jan 14, 2022 | Form ID: 3180W | Total Noticed: 19

| | | | |
|---|---|---|---|
| 13857459 | Email/Text: ebn@vativrecovery.com | Jan 14 2022 23:41:00 | Norfolk VA 23541<br>Palisades Collections, LLC, VATIV RECOVERY SOLUTIONS LLC, dba SMC, As agent for Palisades Collections, LLC, P.O. Box 40728, Houston, TX 77240-0728 |
| 13843583 | EDI: Q3G.COM | Jan 15 2022 04:43:00 | Quantum3 Group LLC as agent for, Crown Asset Management LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 13916855 | + EDI: RMSC.COM | Jan 15 2022 04:43:00 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk VA 23541-1021 |
| 13894556 | + Email/Text: bncmail@w-legal.com | Jan 14 2022 23:41:00 | TD BANK USA, N.A., C O WEINSTEIN & RILEY, PS, 2001 WESTERN AVENUE, STE 400, SEATTLE, WA 98121-3132 |

TOTAL: 17

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 16, 2022          Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 13, 2022 at the address(es) listed below:

**Name**  **Email Address**

BRAD J. SADEK
    on behalf of Joint Debtor Stephen B Utrata II brad@sadeklaw.com, bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com

BRAD J. SADEK
    on behalf of Debtor Meghan R Utrata brad@sadeklaw.com  bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com

CHRISTOPHER M. MCMONAGLE
    on behalf of Creditor Lakeview Loan Services LLC cmcmonagle@sterneisenberg.com, bkecf@sterneisenberg.com

DENISE ELIZABETH CARLON
    on behalf of Creditor Lakeview Loan Services LLC bkgroup@kmllawgroup.com

POLLY A. LANGDON
    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com

REBECCA ANN SOLARZ
    on behalf of Creditor Lakeview Loan Services LLC bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
    ECFMail@ReadingCh13.com

United States Trustee

| District/off: 0313-2 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Jan 14, 2022 | Form ID: 3180W | Total Noticed: 19 |

USTPRegion03.PH.ECF@usdoj.gov

WILLIAM EDWARD MILLER
   on behalf of Creditor Lakeview Loan Services LLC wmiller@friedmanvartolo.com, bankruptcy@friedmanvartolo.com

TOTAL: 9

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | Meghan R Utrata | Social Security number or ITIN    xxx–xx–7469 |
|  | First Name   Middle Name   Last Name | EIN    _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Stephen B Utrata II | Social Security number or ITIN    xxx–xx–2682 |
|  | First Name   Middle Name   Last Name | EIN    _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 16–18234–amc | |

# Order of Discharge                                                                                   12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Meghan R Utrata                                Stephen B Utrata II

1/13/22                                        **By the court:** Ashely M. Chan
                                                              United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**